The sole point raised is that the proceedings for examination supplementary to execution are statutory, unknown to the common law, and require technical conformity to the statute. That as section 2458 of the Code provides:

"In order to entitle a judgment creditor to maintain either of the special proceedings authorized by this article (supplementary proceedings before or after return of execution), the judgment must have been rendered upon the judgment debtor's appearance or personal service of the summons upon him, for a sum not less than $25 or substituted service of the summons upon him"

—this judgment was not so rendered, but upon motion.

The answer is to be found in the Thayer Case, supra, where this court said:

"Such an order is not the rendition of a new judgment for the amount, but merely a means of putting into practical effect the plaintiff's right to have her judgment put in such form that execution can be issued upon it."

Of course, this judgment is made in the action and, though an order intervene, is upon the original service of the summons and complaint therein. It follows that, if we were right in directing such judgments for unpaid alimony to be entered, the judgment so entered necessarily carries with it the proper means to compel the satisfaction thereof, viz.: First, the issuance of an execution; and, second, proceedings supplementary to execution.

The order appealed from should be affirmed, with $10 costs and disbursements to respondent. All concur.

---

PATERNOSTRO v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. November 28, 1913.)

WATERS AND WATER COURSES (§ 126*)—OBSTRUCTION OF DRAIN—SUFFICIENCY OF EVIDENCE.

   Evidence in an action for the obstruction of a drain while an old system of drainage was being supplanted by a new arrangement *held* insufficient to show that in the meantime there was a negligent interruption of the drain by the defendant railroad company.

   [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 139, 141, 142; Dec. Dig. § 126.*]

Appeal from Trial Term, Westchester County.

Action by Frank Paternostro against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

John F. Brennan, of Yonkers, for appellant.
Holmes Jones, of Tuckahoe, for respondent.

PER CURIAM. The evidence shows that the old system of drainage was continued until the new arrangement was completed in 1909. The question is whether meantime there was a negligent interruption

of it. Of that there is not sufficient evidence. The evidence tends to show that the culvert continued effective. But the plaintiff testified to the free condition of his pipe, that there was water in it, and in the common drain as it met the culvert, but that no water came through to the west side. But he states that he saw the culvert. If the defendant had covered it, he could not have seen its end. He does not state that he saw any indications that the embankment or material connected with the work had encroached on the outlet of the culvert. The stoppage of the culvert is not traced to any act of the defendant.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.